# Proposed Change in EEOC Regulations Concerning Right-to-Sue Notices for Public Sector Employees

The Equal Employment Opportunity Commission proposal to amend its procedural regulations to allow the Commission to issue a right-to-sue notice where it has failed to make a reasonable cause determination within 180 days after the filing of a charge against a state or local governmental entity is not permissible under Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities Act of 1990.

October 7, 1999

MEMORANDUM OPINION FOR THE ACTING ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

You have asked for our opinion whether a change the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") proposes to its procedural regulations is consistent with Title VII of the Civil Rights Act of 1964, Pub. L. No. 88–352, tit. VII, 78 Stat. 241, 259, as amended ("Title VII"), and the Americans with Disabilities Act of 1990, Pub. L. No. 101–336, 104 Stat. 327, 328, as amended (the "ADA").[1] The Attorney General has the federal government's exclusive litigating authority in Title VII cases against state and local governmental employers. See 42 U.S.C. § 2000e–5(f) (1994). It has also been the Attorney General's role to issue right-to-sue notices in such cases, with one exception: under a current regulation, 29 C.F.R. § 1601.28(d) (1998), the EEOC may issue right-to-sue notices in cases in which it dismisses claims against state and local governmental entities based on specified grounds, such as a Commission finding that there is no reasonable cause to proceed. See 29 C.F.R. § 1601.18 (1998) (setting out grounds for dismissal). In letters to the Civil Rights Division dated May 12 and November 18, 1997, the Commission has proposed amending § 1601.18 of the regulations to create an additional basis for dismissal where the complainant has requested a right-to-sue notice and the EEOC determines that there is no law enforcement reason to continue processing the charge. By virtue of the current regulation permitting the EEOC to issue right-to-sue notices in governmental-entity cases resulting in dismissal, the proposed provision would allow the EEOC to issue a right-to-sue notice on request when it has failed to make a reasonable cause determination within 180 days following the filing of a charge against a state or local governmental employer.[2] You have raised the

---

[1] The procedures applicable under Title VII also apply under the ADA. See ADA, 42 U.S C § 12117(a) (1994). Accordingly, the analysis herein focuses on Title VII and does not separately discuss the ADA.

[2] The draft rule does not limit the EEOC's dismissal authority to cases in which 180 days have elapsed, but counsel for the Commission told this office that the draft rule was intended to be so limited, and that the text could be amended accordingly In light of an existing regulation, the proposed regulation would in any event allow the EEOC to issue a right-to-sue letter prior to the expiration of the 180-day period whenever an appropriate EEOC official "has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge." 29 C F.R. § 1601 28(a)(2) (1998).

concern that such a procedure violates the plain language of section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1), which provides that notification of the right to sue "shall" be provided by "the Commission, or the Attorney General in a case involving a government, governmental agency or political subdivision." For the reasons set forth below, we conclude that, although the issue is a close one, the EEOC's proposal to take over this function from the Attorney General is not permissible under Title VII or the ADA.

## A. Statutory Background

When Congress enacted Title VII in 1964, the statute applied only to private, non-governmental employers. Moreover, the EEOC had no authority to sue in its own name or to intervene in private suits; the sole governmental litigation authority under Title VII rested with the Justice Department. 2 Barbara Lindemann & Paul Grossman, *Employment Discrimination Law* 1525 (3d ed. 1996) ("Lindemann"). In 1972, Congress extended Title VII to prohibit employment discrimination by "governments, governmental agencies, [or] political subdivisions." Equal Employment Opportunity Act of 1972, Pub. L. No. 92–261, 86 Stat. 103, 104 (the "1972 amendments"). At the same time, Congress assigned to the EEOC most of the Department's former responsibilities under the statute for litigation against private sector employers. *See* 42 U.S.C. § 2000e–6(c) (1994). With respect to governmental entities, however, Congress limited litigation authority to the Justice Department. *See* 42 U.S.C. § 2000e–5(f); Lindemann, *supra* at 1525–26.

In furtherance of Congress's new allocation of responsibilities between the EEOC and the Justice Department, the 1972 amendments set up a detailed procedural scheme for the processing of Title VII complaints. Under this scheme, all charges concerning either private or governmental employers must be filed with the EEOC. The EEOC is required to investigate all such charges and to make a determination in each case (within 120 days if "practicable") as to whether there is reasonable cause to believe the charge is true. Where the EEOC finds no reasonable cause, Title VII directs it to "dismiss the charge and promptly notify" the complainant and respondent of its action. 42 U.S.C. § 2000e–5(b). Where the EEOC determines that there is reasonable cause to believe that unlawful discrimination occurred, the statute requires the Commission to seek voluntary compliance through conciliation. *Id.* The statute sets no time limit on conciliation efforts.

Up to the conciliation stage, Title VII draws no distinction between complaints against private and governmental employers. Failure to reach a conciliation agreement, however, leads to a diverging allocation of further enforcement responsibilities. While the Commission may, upon the failure of conciliation, bring a civil action against "any respondent not a government, governmental agency, or polit-

ical subdivision," it may "take no further action" with respect to a complaint involving a governmental entity, and must "refer the case to the Attorney General who may bring a civil action."[3] 42 U.S.C. § 2000e–5(f)(1). In a case involving a governmental entity, if the Justice Department has not filed a civil action within 180 days of the filing of the complaint with the EEOC,[4] the complainant is entitled to a "right-to-sue" letter, upon receipt of which the complainant has 90 days to file his or her own suit in federal court. *See* 42 U.S.C. § 2000e–5(f)(1); 29 C.F.R. § 1601.28. Specifically, the pertinent sentence of section 706(f) of the statute provides:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, *or the Attorney General in a case involving a government, governmental agency, or political subdivision,* shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

42 U.S.C. § 2000e–5(f)(1) (emphasis added). The question you have presented requires us to determine whether the proposed regulation is consistent with this statutory language.

When it amended Title VII in 1972, Congress was well aware of the EEOC's large backlog of cases and resulting delays in the processing of charges. *See Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 369 & n.25 (1977). Title VII nonetheless does not specifically set forth the procedure to be followed when the EEOC has failed to make a reasonable cause determination within 180 days regarding a complaint against a governmental employer, and thus has yet either to dismiss

---

[3] Pursuant to the Reorganization Plan No 1 of 1978, the Attorney General has delegated this function to the Civil Rights Division of the Justice Department 43 Fed. Reg. 19,807 (1978); 42 U.S.C. § 2000e–4 note (1994).

[4] Pursuant to subsections (c), (d) and (f)(1) of 42 U.S.C. § 2000e–5, the commencement of the 180-day period may be delayed in some instances pending potential state or local enforcement proceedings in jurisdictions that have comparable employment discrimination laws. These provisions do not affect our analysis here and we therefore do not address them.

the charge for want of reasonable cause or refer it to the Justice Department. Under current practice, if a charge against a governmental entity has been pending with the EEOC for more than 180 days and the complainant requests a right-to-sue notice, the Commission refers the request to the Justice Department, which in turn issues the notice. The EEOC now seeks to amend its regulations to eliminate the referral requirement by giving itself the authority to dismiss charges in these circumstances. We conclude that section 706(f) gives the Attorney General exclusive authority to issue right-to-sue notices in cases against governmental entities, and thus precludes the EEOC's proposed regulatory amendment.

## B. Discussion

Title VII does not expressly address the question of which agency should respond to a complainant's request for a right-to-sue letter where the EEOC has not made a reasonable cause determination. We believe that the better reading of section 706(f)(1) gives the Attorney General the exclusive authority to issue right-to-sue letters under such circumstances in cases involving state and local governmental employers. This interpretation comports with the language and punctuation of the relevant clause. Title VII's structure and purpose also support this reading. Given Title VII's consistent assignment of sole litigation authority to the Attorney General in governmental-entity cases, and the fact that only the Attorney General can make the decision whether to file a civil action against a state or local governmental employer, it is logical to read the statute as conferring on the Attorney General the exclusive authority to notify complainants of their right to sue when the federal government has not filed a civil action against a governmental employer within the prescribed time.

The question is admittedly a close one, but we conclude that the statutory authorization of issuance of right-to-sue letters by "the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision" is most naturally read to give only the Attorney General the authority to issue letters in governmental-entity cases. While the phrase could conceivably be read to permit either the Commission or the Attorney General to issue a letter in such cases, that reading would require giving "or" a conjunctive meaning, as if the statute designated "the Commission, or [either the Commission or] the Attorney General in a case involving a government, governmental agency, or political subdivision." Viewed in the context of the statute as a whole, the more plausible reading is that the "or" is disjunctive, so that the statute limits the authority to "the Commission, or [in a case involving a government, governmental agency, or political subdivision,] the Attorney General."

That reading is supported by other portions of section 706(f)(1) that refer in the alternative to the Commission or the Attorney General, each of which clearly gives the Attorney General exclusive authority in governmental-entity cases. For

example, the sixth sentence of section 706(f) provides: "Upon timely application, the court may, in its discretion, permit *the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision,* to intervene in such civil action upon certification that the case is of general public importance" (emphasis added). Since Title VII gives the Attorney General sole litigating authority in governmental-entity cases, that provision cannot be read to permit intervention by the EEOC in such cases. Therefore, in the absence of any reason to believe that Congress intended the "or" in the passage relating to right-to-sue notification to be interpreted differently, the same disjunctive interpretation should be adopted here. *See Sorenson v. Secretary of Treasury,* 475 U.S. 851, 860 (1986) (noting that "normal rule of statutory construction assumes that 'identical words used in different parts of the same act are intended to have the same meaning' ") (citations omitted).

The majority of courts that have considered this issue have interpreted the statute as directing the Attorney General, rather than the EEOC, to notify complainants of their right to sue in all cases involving governmental entities. At least four courts of appeals have reached this conclusion. *See Moore v. City of Charlotte,* 754 F.2d 1100, 1104 n.1 (4th Cir.) (stating that the Attorney General is "the authority designated by Title VII [to issue the right-to-sue notice] for cases in which the defendant is a political subdivision of a state"), *cert. denied,* 472 U.S. 1021 (1985)); *Solomon v. Hardison,* 746 F.2d 699, 701–02 (11th Cir. 1984) (noting "requirement that the Attorney General issue the right to sue letter"); *Fouche v. Jekyll Island-State Park Auth.,* 713 F.2d 1518, 1525–26 (11th Cir. 1983) (same); *Hendrix v. Memorial Hosp. of Galveston County,* 776 F.2d 1255, 1256–57 (5th Cir. 1985) (construing section 706(f)(1) as requiring complainant "to await the action of the Justice Department before commencing her lawsuit"); *see also Dougherty v. Barry,* 869 F.2d 605, 611 (D.C. Cir. 1989) (observing that "[c]ourts have tended to interpret Title VII as laying th[e] responsibility [for issuing right-to-sue notices in cases involving governmental entities] at the Attorney General's door"); *Thames v. Oklahoma Historical Soc'y,* 646 F. Supp. 13, 16 (W.D. Okla. 1985) (holding that issuance of right-to-sue notice by Attorney General in cases involving governmental entities "is expressly required by the statute and furthers the goals of the Civil Rights Act as remedial legislation by bringing the reluctance of governmental agencies to comply with Title VII to the attention of the Attorney General"), *aff'd,* 809 F.2d 699 (10th Cir. 1987) (per curiam) (affirming district court judgment "for the reasons contained in its written Order").[5] *Cf. Shea v. City of St. Paul,* 601 F.2d 345, 349–51 & n.6 (8th Cir. 1979) (holding that EEOC's notice of dismissal for lack of probable cause constituted notice of right to sue

---

[5] Some of those courts have waived the requirement of a right-to-sue notice issued by the Attorney General, and have permitted particular cases to proceed on equitable or other grounds despite the issuance of notice by the EEOC. *See Moore,* 754 F.2d at 1104 n.1 (declining to penalize complainant for "any EEOC assumption of Justice Department duties"); *Solomon,* 746 F 2d at 701–02 (waiving requirement as nonjurisdictional), *Fouche,* 713 F.2d at 1525–26 (same).

where no party claimed that defendant's status as a governmental entity was relevant).

The overwhelming majority of district courts have also interpreted the statute as authorizing only the Attorney General, and not the EEOC, to issue right-to-sue notices in governmental-entity cases. *See, e.g., Kane v. Iowa Dep't of Human Servs.*, 955 F. Supp. 1117, 1133 (N.D. Iowa 1997) (Justice Department must issue notice in cases where EEOC has been unable to obtain conciliation agreement, "which this court reads to include situations . . . in which the EEOC simply has not reached the case"); *Ying Shen v. Oklahoma State Dep't of Health*, 647 F. Supp. 189, 189 (W.D. Okla. 1985) (dismissing complaint where plaintiff filed suit after receiving right-to-sue notice from EEOC because "the Right to Sue notice where a governmental agency is to be sued for discrimination must come from the office of the Attorney General"); *Dillard v. Rumph*, 584 F. Supp. 1266, 1268 n.1 (N.D. Ga. 1984) ("the statutory requirement of notice by the Attorney General must be waived in this case"); *Woods v. Missouri Dep't of Mental Health*, 581 F. Supp. 437, 442–44 (W.D. Mo. 1984) (concluding that "the Attorney General is required by statute to issue a notice of right to sue letter when the charge is dismissed in a case" against a governmental entity, but waiving requirement on equitable grounds, as "[p]laintiff should not be punished for the inability of the EEOC and Attorney General to follow the terms of the statute"); *English v. Ware County Dep't of Family & Children Servs.*, 546 F. Supp. 689, 690–91 (S.D. Ga. 1982) (holding that "notification by the United States Attorney General is a statutory prerequisite to institution of a Title VII action against a state governmental body"). Only one district court has held to the contrary, and that court did not address the issue presented by the proposed regulation. *See Flint v. California*, 594 F. Supp. 443, 445, 448–49 (E.D. Cal. 1984) (finding statutory language "inherently ambiguous" but concluding that "better reading" is that notice may be issued by the EEOC). Thus, our analysis of the statute's text is consistent with that of virtually all of the courts that have considered this matter.

Our interpretation is also consistent with the policy considerations that appear to underlie section 706(f)(1). Although there is no indication that Congress gave consideration specifically to which agency should issue a right-to-sue notice against a governmental respondent when the EEOC has made no probable cause determination, the overall congressional intent with respect to cases involving governmental entities is clear. While carrying over to governmental cases the EEOC's administrative function in the initial processing of charges and its important role in seeking to obtain voluntary compliance through conciliation, Congress unequivocally conferred sole litigating authority in such cases on the Attorney General. The legislative history suggests that Congress was motivated by a "strong feeling that cases of discrimination by State and local government agencies should be handled by the full force of the United States of America acting directly through the Attorney General." 118 Cong. Rec. 1070 (1972) (statement

of Sen. Williams). *See Osiecki v. Housing & Redevelopment Auth.*, 481 F. Supp. 1229, 1232 (D. Minn.1979) ("The purpose of referring discrimination complaints involving governmental employees to the Attorney General was two fold: (1) to limit the number of federal agencies authorized to sue state governments, and (2) to bring the prestige of the Attorney General to bear on the reluctance of local governmental entities to comply with Title VII. . . . The statutory scheme embodied in section 706(f) clearly limits the power of the EEOC with respect to governmental employers, and vests the power to bring and intervene in civil actions involving governmental respondents solely to the Attorney General.") (citation omitted); *Woods*, 581 F. Supp. at 442 (same).

Given that only the Attorney General can make the decision to bring a civil action against a governmental employer under Title VII, it makes sense that the statute also gives the Attorney General the responsibility, at least where the complaint has not been dismissed, to inform a complainant that no civil action has been filed and that the complainant may proceed with his or her own suit. *See Osiecki*, 481 F. Supp. at 1232–33 ("As the administrative process has not been completed in cases involving governmental employers until the Attorney General has determined that it will not bring a civil action, it would be inconsistent with the intent of section 706(f) to allow the 90 day period [within which the complainant may sue] to commence prior to the Attorney General's involvement in the administrative process."); *English*, 546 F. Supp. at 691 ("This vesting of authority implies that the Attorney General should have more than just the ministerial responsibility for bringing suits against state employers, but also the discretion to decide whether and when to bring them."). Courts have further suggested that one purpose of the referral requirement is to "insure[ ] that the Attorney General would be able to review the file and make a determination whether [the United States] should exercise its discretionary power to file suit on behalf of the charging party." *Woods*, 581 F. Supp. at 442; *see also English*, 546 F. Supp. at 692 (requirement "insures at least a cursory review of the file, which is elemental in determining whether to intervene"); *Thames*, 646 F. Supp. at 16 (requirement "furthers the goals of the Civil Rights Act as remedial legislation by bringing the reluctance of governmental agencies to comply with Title VII to the attention of the Attorney General").

It could be argued that, under Title VII's overall procedural scheme, it would be appropriate for the EEOC to refer complaints to the Attorney General only once the Commission has found reasonable cause, failed at conciliation, and the case is ready for litigation. The District of Columbia Circuit in *Dougherty* suggested in dictum that the EEOC should refer a case to the Attorney General "only" after finding probable cause and unsuccessfully seeking compliance through conciliation. 869 F.2d at 611. That dictum might be read to imply that, in those cases in which there has not yet been a probable cause finding and unsuccessful conciliation, the EEOC should retain the case and issue the right-

to-sue notice. *Dougherty* cannot, however, support that implication. The *Dougherty* court appears to have assumed that the Commission will have made a cause determination one way or the other within 180 days following the complainant's filing; the opinion simply does not speak to the category of cases at issue here, in which the Commission has failed to act by the time the complainant requests her right-to-sue letter. More importantly, the *Dougherty* dictum fails to account for section 706(f)'s unequivocal language giving the Attorney General the duty of notifying complainants of their right to sue in such cases. We decline to adopt an interpretation that would be in tension with the language of the statute.[6]

## CONCLUSION

For the reasons stated above, we conclude that the proposed regulation is not permissible under Title VII or the ADA.

CORNELIA T.L. PILLARD
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[6] The EEOC's authority to issue a right-to-sue notice in any case in which it has dismissed a charge against a state or local governmental entity for lack of probable cause is not inconsistent with our conclusion here The EEOC amended its regulations in 1980 to provide that it would issue right-to-sue letters in those circumstances. *See* 29 C.F.R § 1601 28(d) (1998). That limited authority does not depend on a conjunctive reading of the "or" in section 706(f)'s reference to "the Commission, or the Attorney General." that would generally authorize either to issue the notice. Rather, the Commission made the 1980 amendment in response to the Eighth Circuit's decision in *Shea v. City of St. Paul,* 601 F 2d 345 (8th Cir. 1979), dismissing an action as untimely even though the plaintiff filed suit within 90 days of the Justice Department's right-to-sue letter issued pursuant to section 706(f). The court held that Shea's action was time-barred because she filed it more than 90 days after receipt of the EEOC's dismissal notification pursuant to a different statutory provision from the one at issue here — section 706(b), which directs the Commission, upon finding no probable cause, to "dismiss the charge *and promptly notify* the person claiming to be aggrieved and the respondent of its action." 42 U.S.C. § 2000e–5(b) (emphasis added). *Shea's* interpretation of the EEOC's section 706(b) dismissal notification as a right-to-sue letter triggering the 90-day limitations period meant that, if the Attorney General had continued the practice of issuing separate right-to-sue letters under section 706(f), such letters would only create a trap for the unwary by erroneously suggesting that a complainant had 90 days from the Attorney General's notice within which to file her complaint This Office found the 1980 regulatory amendment to be "not . . . inconsistent with the enforcement scheme that Congress contemplated in enacting § 706(f)(1) " Memorandum for David L. Rose, Chief, Federal Enforcement Section, Civil Rights Division, from Leon Ulman, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Proposed Delegation of Authority of Ministerial Function to EEOC — Right to Sue Letters Under Title VII* at 2 (Feb. 6, 1980) *But see Fouche,* 713 F.2d at 1524, *Ying Shen,* 647 F Supp. at 189 (suggesting that the 1980 regulation conflicts with the express language of Title VII)